UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVSION

| | |
|---|---|
| DEONDRA MALONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO.: |
| v. | ) |
| | ) |
| DIXON ENGINEERING, INC., | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, the defendant, Dixon Engineering, Inc., by respective counsel and with full reservation of any and all defenses, herewith file their notice removing this civil action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, and in support thereof, show the Court:

1. Defendant is named in a civil action filed by plaintiff in the Circuit Court of Cook County, Illinois, County Department, Law Division and styled as *Deondra Malone vs Dixon Engineering, Inc.*, Case No. 2022L000400.

2. In his complaint, plaintiff alleges inter alia that the on and before May 19, 2020, the defendant, Dixon engineering, Inc., was in control of the erection and construction of a water tower in Hammond, Indiana. (See Ex A. Plaintiff's State Court Complaint, Count I, ¶ 1) At said time and place, Deondra Malone, was a painter employed by Maxcor, Inc., lawfully on said premises in the furtherance of the work. (Ex A, Count I, ¶ 2). At the aforesaid time and place, plaintiff was required to work temporary work platform and he was caused to fall when a portion of the water tower collapsed. Plaintiff suffered severe injuries. (Ex A, Count I, ¶ 6).

3. Plaintiff's allegations involve state law negligence claims governed by Indiana law.

4. Plaintiff resides at 209 N. Airlite St., Elgin, IL 60123. (See Ex B., Plaintiff's Illinois Worker's Compensation Commission Application for Adjustment of Claim File Marked May 27, 2020).

5. Defendant, Dixon Engineering, Inc., is incorporated in the state of Michigan with its principal place of business in the state of Michigan and resides for diversity jurisdiction purposes at 1104 Third Ave., Lake Odessa, MI 48849. (See Ex C, State of Michigan Corporations Division Summary Page for Dixon Engineering Inc.).

6. On April 26, 2022, defendant first ascertained that the case is one which is removable when the plaintiff failed to stipulate that damages would not exceed $75,000.00. Defendant requested plaintiff stipulate as indicated by April 26, 2022, which plaintiff did not do. This notice is filed within 30 days of April 26, 2022. (See Ex D, Email to Plaintiff's Counsel April 21, 2022).

7. Further, in plaintiff's Complaint, plaintiff demands judgment against defendant in a sum in excess of $50,000 and costs of suit. (See Ex A – Wherefore paragraph, page 5 & Affidavit of Damages pursuant to Supreme Court Rule 222, page 6).

8. As such, on its face, the initial pleading in this matter is not removable as it does not identify the citizenship of either party, nor does it allege damages in excess of $75,000.00 as required.

9. Only after research and communications with Plaintiff's counsel did Defendant discover the removability of the case as of April 26, 2022 when Plaintiff failed to stipulate to the damages not to exceed $75,000.00.

10. The Seventh Circuit has held that if a Plaintiff really wants to prevent removal, he should stipulate to damages not exceeding the $75,000.00 jurisdictional limit. *Oshana* v. *CocaCola Co.,* 472 F.3d 506, 511 (7th Cir. 2006). Litigants who want to prevent Removal must file a binding stipulation or affidavit with their Complaints. *Id.* A stipulation will have the same effect as a statute that limits a Plaintiff to the recovery sought in the Complaint. *Id.* The Seventh Circuit determined in *Oshana,* that the Plaintiffs refusal to admit that her recovery would not exceed $75,000.00, raised the reasonable inference that it would. *Id.*

11. Although the Defendants deny the material allegations of the Plaintiffs Complaint, based upon the Plaintiffs refusal to enter into a stipulation limiting her damages to less than $75,000.00, as well as Plaintiffs allegations that he was injured, disabled, and will suffer future pain, discomfort, and physical impairment (*See* Ex A, Plaintiffs Complaint, Count I, ¶ 8 and Count II, ¶ 9) there is a reasonable inference that the amount in controversy exceeds the seventy-five thousand dollar ($75,000.00) jurisdictional amount, exclusive of interests and costs.

12. Since the plaintiff and defendant are citizens of different states, there is complete diversity of citizenship pursuant to 28 U.S.C. Section 1332(a).

13. For the reasons stated in this Notice, this Court has original jurisdiction over the underlying State Court case pursuant to the provisions of 28 U.S.C. §1332(a), which states that District Courts shall have original jurisdiction of all civil actions with the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states. Further, for the reasons stated in the previous paragraphs, this action may be removed pursuant to the provisions of 28 U.S.C. §1441 and section 1446 because the matter in controversy exceeds the sum of $75,000.00, exclusive of costs and interest, and is between citizens of different states.

14. 28 U.S.C. §1446(b)(3) provides that if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper, from which it may first be ascertained that the case is one which is or has become removable. This occurred on April 26, 2022 when plaintiff failed to stipulate damages were not to exceed $75,000.00.

15. Written notice of the filing of this Joint Notice of Removal will be served on the plaintiff.

16. Venue is proper in this district pursuant to 28 U.S.C.§1441(a) inasmuch as the suit is pending in Cook County Illinois.

Respectfully submitted,

/s/ Caleb S. Johnson

Caleb S. Johnson (#23941-64)
CALEB S. JOHNSON LAW, LLC
113 W. Joliet Street, Suite 1
Schererville, IN 46375
219-627-4555 – Phone
844-270-6934 – Fax
cjohnson@csjlawllc.com
Attorney for Defendant,
DIXON ENGINEERING, INC.

## CERTIFICATE OF SERVICE

I certify that on April 26, 2022, service of a true and complete copy of the above and foregoing pleading or paper was made upon all parties and/or counsel of record by electronic mail or court docket service:

Caleb S. Johnson Law, LLC
By: /s/ Caleb S. Johnson
Caleb S. Johnson