| 2120 – Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served by Mail | |
| 2420 - Served by Publication | 2421 - Served by Publication | (Rev.12/22/92) CCG-1 |
| SUMMONS | SUMMONS | |

FILED DATE: 1/13/2022 11:04 AM 2022L000400

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

DEONDRA MALONE, ) No. 2022L000400
)
Plaintiff, )
) PLEASE SERVE:
vs. ) Craig A. Springer, Registered Agent for
) DIXON ENGINEERING, INC.
DIXON ENGINEERING, INC., ) 28 Riverwood Ct
) Oswego, IL 60543
Defendants. )

### SUMMONS

To each defendant: **DIXON ENGINEERING, INC.**

**YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, 50 W. Washington St., Room 801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

E-filing is now mandatory for documents in civil cases with limited exemptions. To efile, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

**To the officer:**
This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, _____, 2022
1/13/2022 11:04 AM IRIS Y. MARTINEZ
_____
Clerk of Court

Date of service: _____, 2022
(To be inserted by officer on copy left
with defendant or other person)

Daniel H. Streckert, Esq.
GWC Injury Lawyers LLC
Attorney for Plaintiff
One East Wacker Drive, #3800
Chicago, Illinois 60601
Telephone: 312/464-1200
Atty. No. 63626
Email: dstreckert@gwclaw.com
**Service by Facsimile Transmission will be accepted at _____
(Area Code) (Facsimile Telephone Number)
*IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS*

[2474441/1]



EXHIBIT A

12-Person Jury

#63626

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

FILED
1/13/2022 11:04 AM
IRIS Y MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
16283633

FILED DATE: 1/13/2022 11:04 AM 2022L000400

DEONDRA MALONE, )
)
         Plaintiff, )
vs. ) NO: 2022L000400
)
DIXON ENGINEERING, INC. ) JURY DEMAND
) Hearing Date: 3/15/2022 10:15 AM
         Defendants. )

## COMPLAINT AT LAW

### COUNT I

NOW COMES the Plaintiff, DEONDRA MALONE, by and through his attorneys, GWC Injury Lawyers LLC, and complaining of the Defendant, DIXON ENGINEERING, INC., alleges as follows:

1. On and before May 19, 2020, the Defendant, DIXON ENGINEERING, INC. was in control of the erection and construction of a water tower in Hammond, Indiana.

2. At said time and place, DEONDRA MALONE, was painter employed by Maxcor, Inc., lawfully on said premises in the furtherance of the work.

3. At said time and place and prior thereto, the Defendant DIXON ENGINEERING, INC. individually and by and through its agents, servants and/or employees was present during the course of the construction. The Defendant participated in coordinating work being done and designated various work methods, maintained and checked work progress, and participated in scheduling the work, and in the inspection of the work. In addition thereto, the Defendant, DIXON ENGINEERING, INC. had the authority to exercise direction of the work including the authority to stop the work, refuse work and material, and order changes in the work.

4. On the aforesaid date and prior thereto it was the duty of the Defendant to exercise reasonable care in their control over the work so as to provide a reasonably safe place to work for individuals at the site.

5. At the aforesaid time and place and prior thereto there existed a dangerous condition on the property, specifically the water tower had structure elements removed during the course of the project.

6. At the aforesaid time and place, the Plaintiff was required to work temporary work platform and he was caused to fall when a portion of the water tower collapsed. Plaintiff suffered severe injuries.

7. Notwithstanding its duty at said time and place, the Defendant, DIXON ENGINEERING, INC., by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a) Failed to make a reasonable inspection of the work being done when the Defendant knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to the Plaintiff;

(b) Improperly operated, managed, maintained and controlled the aforesaid premises so that as a direct and proximate result the Plaintiff was injured;

(c) Failed to supervise the work being done on the aforesaid premises;

(d) Failed to provide the Plaintiff with a safe place in which to work;

(e) Failed to warn the Plaintiff of the hazardous condition of the worksite;

(f) Was otherwise careless and/or negligent in the manner in which the construction project was managed;

8. As a direct and proximate result of the aforesaid negligent acts and/or omissions of the Defendant, DIXON ENGINEERING, INC., the Plaintiff DEONDRA MALONE, then and there sustained severe and permanent injuries, both internally, and externally and will be hindered and prevented from attending to his usual duties and affairs and has and will in the future lose the value of that time. Plaintiff suffered both

great pain and anguish, both in mind and body and will in the future continue to suffer. Plaintiff expended and became liable for and will expend and become liable for large sums of money for necessary medical care and medicines to be healed and cured of said injuries.

WHEREFORE the Plaintiff, DEONDRA MALONE, demands judgment against the Defendant, DIXON ENGINEERING, INC., in a sum in excess of Fifty Thousand Dollars ($50,000.00) and costs of suit.

## COUNT II

NOW COMES the Plaintiff, DEONDRA MALONE, by and through his attorneys, GWC Injury Lawyers LLC, and complaining of the Defendant, DIXON ENGINEERING, INC., alleges as follows:

1. On and before May 19, 2020, the Defendant, DIXON ENGINEERING, INC., was in control of the erection and construction of a water tower in Hammond, Indiana.

2. At said time and place, DEONDRA MALONE, was painter employed by Maxcor, Inc., lawfully on said premises in the furtherance of the work.

3. At said time and place and prior thereto, the Defendant DIXON ENGINEERING, INC., individually and by and through its agents, servants and/or employees was present during the course of the construction. The Defendant participated in coordinating work being done and designated various work methods, maintained and checked work progress, and participated in scheduling the work, and in the inspection of the work. In addition thereto, the Defendant, DIXON ENGINEERING, INC., had the authority to exercise direction of the work including the authority to stop the work, refuse work and material, and order changes in the work.

4. The Defendant, DIXON ENGINEERING, INC., as a possessor of land had a duty to exercise reasonable care to discover dangerous conditions which involved an unreasonable risk of harm to workers at the site and to protect them from that danger.

5. At the aforesaid time and place and prior thereto there existed a dangerous condition on the property, specifically the water tower had structure elements removed during the course of the project.

6. Defendant knew of the aforesaid condition of the premises, or by the exercise of reasonable care should have discovered the condition.

7. At the aforesaid time and place, the Plaintiff was required to work temporary work platform and he was caused to fall when a portion of the water tower collapsed. Plaintiff suffered severe injuries.

8. Notwithstanding its duty at said time and place, the Defendant DIXON ENGINEERING, INC., by and through its agents, servants, and employees was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a) Failed to make a reasonable inspection of the work being done when the Defendant knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to the Plaintiff;

(b) Improperly operated, managed, maintained and controlled the aforesaid premises so that as a direct and proximate result the Plaintiff was injured;

(c) Failed to supervise the work being done on the aforesaid premises;

(d) Failed to provide the Plaintiff with a safe place in which to work;

(e) Failed to warn the Plaintiff of the hazardous condition of the worksite;

(f) Was otherwise careless and/or negligent in the manner in which the construction project was managed;

9. As a direct and proximate result of the aforesaid negligent acts and/or omissions of the Defendant, DIXON ENGINEERING, INC., the Plaintiff DEONDRA

[2474052/1]    4

MALONE, then and there sustained severe and permanent injuries, both internally, and externally and will be hindered and prevented from attending to his usual duties and affairs and has and will in the future lose the value of that time. Plaintiff suffered both great pain and anguish, both in mind and body and will in the future continue to suffer. Plaintiff expended and became liable for and will expend and become liable for large sums of money for necessary medical care and medicines to be healed and cured of said injuries.

WHEREFORE the Plaintiff, DEONDRA MALONE, demands judgment against the Defendant, DIXON ENGINEERING, INC., in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs of suit.

                                  GWC Injury Lawyers LLC

                      By:    /s/Daniel H. Streckert
                             Daniel H. Streckert

GWC Injury Lawyers LLC
One E. Wacker Drive
Suite 3800
Chicago, IL 60601
312/464-1200
dstreckert@gwclaw.com
#63626

FILED DATE: 1/13/2022 11:04 AM 2022L000400

FILED
1/13/2022 11:04 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L000400

#63626

20-62 DHS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| DEONDRA MALONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO: 2022L000400 |
| | ) | |
| DIXON ENGINEERING, INC. | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF DAMAGES
### SUPREME COURT RULE 222

Pursuant to Supreme Court Rule 222(b) the damages sought by the Plaintiff is in excess of $50,000.00.

/s/ Daniel H. Streckert
Daniel H. Streckert
Attorneys for Plaintiff
GWC INJURY LAWYERS LLC
One East Wacker Drive, #3800
Chicago, IL 60601
(312) 464-1200
Atty No. 63626
dstreckert@gwclaw.com

[X]   Under penalties as provided by law pursuant to 735 ILCS 5/1-109(1993), I certify that the statements set fourth herein are true and correct.

[2474052/1]   6